UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                    Case No. 07-54109

Richard Souza Caporale
Isabel Ann Caporale                /      CHAPTER 13 PLAN
                 Debtor(s)

1.   The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the
     Trustee the sum of $ 241.00 - Debtor will sell 14943 Conway Ave. by 12/31/08. Debtor reserves right to
     sue Saxon Mortgage for fraudulent inducement                each month.  Initial attorneys fees are requested in the
     amount of $ 3600                .
     ___ Debtor(s) elect a voluntary wage order


2.   From the payments received, the Trustee will make disbursements as follows:
     (a)   On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
     (b)   On allowed secured claims, which shall be treated and valued as follows:

|  | Value of | Estimated Mortgage/ | Adequate Protection | Interest Rate |
|---|---|---|---|---|
| Name | Collateral | Lease Arrears | Payments (If specified) | (If specified) |
| Saxon Mortgage | 1100000 | 45000 |  | 0% |

          [The valuations shown above will be binding unless a timely objection to confirmation is filed.  Secured claims will be allowed for the
          value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest
          rates shown above.  If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be
          allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

     (c)   On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
     (d)   On allowed general unsecured claims as follows:
          ✘   at a rate of _____0_____ cents on the dollar.  The estimated term of the plan is ___60___ months. (Percentage Plan)
          ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed
              administrative, secured and priority unsecured claims are paid.  The plan payments will continue at the highest
              monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured
              claims within sixty months of confirmation. (Pot Plan)


3.   The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or
     real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow
     the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of
     the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4.   The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| Saxon Mortgage | 1000 |  |  |

5.   The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured
     claims against the estate.

6.   The Debtor(s) elect to have property of the estate:
     ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
     ✘   revest in the debtor(s) upon plan confirmation.  Once property revests, the Debtor(s) may sell or refinance real or personal
         property without further order of the court, upon approval of the Chapter 13 Trustee.


Dated: January 10, 2008        /s/ Richard S. Caporale              /s/ Isabel A. Caporale
                               Debtor                              Debtor


I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim
replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: January 10, 2008              /s/ Marc Voisenat
                                     Attorney for Debtor(s)