Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

In re:                                              Case No.: 07-54109 ASW 13

Richard Souza Caporale                   )
Isabel Ann Caporale                          )   **NOTICE AND OPPORTUNITY TO**
        Debtors.                                )   **OBJECT TO DEBTOR'S CHAPTER 13**
                                                         )   **PLAN**
                                                         )
                                                         )
                                                         )
_____)

TO: DEVM DERHAM-BURK CHAPTER 13 STANDING TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

    The debtors, Richard Souza Caporale and Isabel Ann Caporale (Hereinafter "debtor"), seeks confirmation of the Chapter 13 plan attached hereto as Exhibit A. Any objection to the attached chapter 13 plan must be filed and served upon the initiating party within 25 days of mailing of this notice.

    If there is no timely objection to the attached chapter 13 plan, the chapter 13 trustee may recommend confirmation of the Plan and request an order confirming the Plan.

Dated:  January 14, 2008

                                                     /s/ Marc Voisenat
                                                     Marc Voisenat, Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:  Case No. 07-54109

Richard Souza Caporale
~~Isabel Ann Caporale~~   / CHAPTER 13 PLAN
      Debtor(~)

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $241.00 - Debtor will sell 14943 Conway Ave. by 12/31/08. Debtor reserves right to sue Saxon Mortgage for fraudulent inducement each month. Initial attorneys fees are requested in the amount of $3,600.00
   Debtor(s) elect a voluntary wage order

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507(a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/ Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If specified) |
   |---|---|---|---|---|
   | Saxon Mortgage | $1,100,000.00 | $45,000.00 | | 0% |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
      [X] at a rate of 0 cents on the dollar. The estimated term of the plan is 60 months. (Percentage Plan)
      ___ the sum of _____ payable over _____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts of leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment | Name | Monthly Payment |
   |---|---|---|---|
   | Saxon Mortgage | $1,000.00 | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   [X] revest in the debtor(s) upon plan confirmation. Once properly revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

Dated: 01/10/2008  /s/ Richard S. Caporale  /s/ Isabel A. Caporale
                      Debtor                      Debtor

I, the undersigned, am the attorney for the above-named debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: 1/10/2008  /s/ Marc Voisenat
                             Attorney for Debtor(s)

Rev. 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

Exhibit "A"

## Notice to Creditors Regarding Plan Provisions

Binding Effect of the Plan: The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

Written Objection to Confirmation: If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

Plan Payment: The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

Proof of Claim: To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney or, if not represented by an attorney, the debtor.

Distribution of Funds: Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments as shown on the anticipated distribution of funds, attached as Exhibit 1, contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under 11 U.S.C. § 507 will be made in their order of priority, except that allowed claims under § 507(a)(1)(B) which are listed in section 2(c) of the plan will be paid after other priority claims. Payments must be credited in accordance with the terms of the plan and § 524(i).

Treatment of Secured Claims: The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent **(7%).**

Adequate Protection Payments: Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

Proposed Compromise: If the debtor has proposed a compromise affecting your collateral, you may either accept, reject or renegotiate the proposed compromise. If you reach an agreement, the resulting claim will be treated as a secured claim under § 506 and the plan may be confirmed. If you do not affirmatively agree, you must file an objection to confirmation (see above), and the confirmation hearing will be continued for consideration of a modified plan.

# *Order Establishing Procedures for Objection to Confirmation*

*Hearing Date, Time and Place: If an objection to confirmation is filed, a PREHEARING CONFERENCE will be held at the date and time announced at the initial confirmation hearing. Parties may confirm the date by checking the minute order on the court's docket, which indicates "Hearing Continued" in reference to the confirmation hearing. Individuals not represented by counsel may also contact the trustee to learn the continued date.*

*Procedures for Early Resolution: As soon as the objection is resolved, counsel for the debtor is to prepare and forward to the trustee a statement of resolution, which the trustee will set on the court's earliest available calendar.*

*Procedures for Prehearing Conference: Each party objecting to confirmation and counsel for the debtor are ordered to confer regarding resolution of the objection. Debtor's counsel, or the debtor if unrepresented, must contact the objecting party within ten days of receipt of the objection in a good faith effort to resolve the objection. At least 14 calendar days prior to the prehearing conference and each continued hearing, counsel for the debtor must file and serve a prehearing statement with the court indicating:*
    *a. The date the objection was filed, the date of the initial conference between counsel to resolve the objection and the dates of all subsequent contacts regarding resolution of the objection;*
    *b. A precise and separate statement of each factual and legal issue that must be determined to resolve the objection;*
    *c. Proposed discovery and/or briefing schedules and proposals for alternative dispute resolution;*
    *d. For continued hearings, developments since the last hearing and the current status.*

*Procedures for Objections to Proposed Compromises: If a secured creditor affirmatively assents to the proposed compromise or an alternative compromise at or prior to the time of the initial confirmation hearing and no further objections are pending the plan will be confirmed. If the parties cannot reach a compromise at or prior to that hearing, the court will deny confirmation and will continue the hearing for consideration of a modified plan. If a secured creditor does not affirmatively state its position regarding its collateral at or before the confirmation hearing, the court will continue the hearing for approximately 30 days to allow the debtor additional time to obtain a response.*

*Sanctions: Failure of a party to comply timely with this order may result in the exclusion of evidence, the imposition of monetary or non-monetary sanctions, possible dismissal of the case, or striking of the objection to confirmation.*

**IT IS SO ORDERED:**

        /s/ Marilyn Morgan
        UNITED STATES BANKRUPTCY JUDGE


        /s/ **Arthur** S. Weissbrodt
        UNITED STATES BANKRUPTCY JUDGE


        /s/ Roger L. Efremsky
        UNITED STATES BANKRUPTCY JUDGE

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On January 14, 2008, I sewed the foregoing document described as: **Notice and Opportunity To Object to Debtor's Chapter 13 Plan; Notice to Creditors Regarding Plan Provisions and Order Establishing Procedures for Objection to Confirmation** on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

| | | |
|---|---|---|
| 4Friends Club<br>104 Champs Blvd., #AH04<br>Maumelle, AR 72198 | Figis<br>P.O. Box 8090<br>Mansfield, WI 54449 | San Jose Water Company<br>374 West Santa Clara St.<br>San Jose, Ca 95196 |
| Allstate<br>P.O. Box 3589<br>Akron, OH 44309 | Gary Bascak<br>14927 Conway Avenue<br>San Jose, Ca 95124 | Saxon Mortgage<br>P.O. Box 961106<br>Ft. Worth, TX 76161-0106 |
| AT & T<br>Sacramento, Ca 95887 | Home Depot Credit Services<br>P.O. Box 6028<br>The Lakes, NV 88901-6028 | Scholastic<br>P.O. Box 6029<br>Jefferson City, MO 65102 |
| Bradford Editions<br>P.O. Box 895<br>Morton Gmve, IL 60053 | HSBC<br>P.O. Box 60102<br>City of Industry, CA 91716 | Secure Horizons<br>P.O. Box 6100<br>Claire, WI 54702 |
| Dell Preferred Account<br>Payment Processing Center<br>P.O. Box 6403<br>Carol Stream, IL 60197-6403 | Mercury News<br>750 Ridder Park Drive<br>San Jose, Ca 95190 | Stevens Creek D & R – Rogers Ave<br>1675 Rogers Ave.<br>San Jose, Ca 95112-1106 |
| DFS Acceptance<br>Payment Processing Center<br>P.O. Box 6403<br>Carol Stream, IL 60197-6403 | NCO Financial<br>P.O. Box 15537<br>Wilmington, DE 19850 | Sutton Law Firm<br>1570 The Alameda, #224<br>San Jose, Ca 95126 |
| Dish Network<br>P.O. Box 7203<br>Pasadena, Ca 91109-7303 | OSI Recovery Solutions<br>P.O. Box 8902<br>Westbury, NY 11590 | Verizon Wireless<br>P.O. Box 9622<br>Mission Hills, Ca 91346-9622 |
| DMV<br>P.O. Box 825341<br>Sacramento, Ca 94232 | PG&E<br>Box 997300<br>Sacramento, Ca 95899-7300 | Waste Management<br>P.O. Box 79168<br>Phoenix, AZ 85062 |
| Farmers Insurance<br>P.O. Box 1900<br>Pleasanton, Ca 94566 | Publishers Clearing<br>P.O. Box 26305<br>Lehigh Valley, PA 18002 | Secretary of the Treasury<br>15th and Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |

| | |
|---|---|
| Ca Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, Ca 94280-0001 | Ca Franchise Tax Board<br>Attn. Special Procedures<br>P.O. Box 2952<br>Sacramento, Ca 95812-2952 |
| Devin Derham-Burk<br>P.O. Box 50013<br>San Jose, Ca 95150-0013 | U.S. Attorney<br>Civil Division<br>450 Golden Gate Ave.<br>San Francisco, Ca 94102-3661 |
| Office of the U.S. Trustee<br>U.S. Federal Bldg.<br>280 S. 1st St. #268<br>San Jose, Ca 95113-3004 | |
| State Board of Equalization<br>Attn. Special Procedures Section, MIC:55<br>P.O. Box 942879<br>Sacramento, Ca 94279-0001 | |

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on January 14, 2008 at Oakland, California.

/s/ Nilda Voisenat
Nilda Voisenat