Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court
Northern District of California

In re:

Richard Souza Caporale
Isabel Ann Caporale

Debtors.

Case No.: 07-54109

**R.S. No. WGM-1348**

**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Date: December 17, 2008
Time: 10:30
Crtrm: 3020

1. **Statement of Facts:**

On February 23, 2007, the debtor's executed a promissory note in favor of New Century Mortgage. This note was secured by a Deed of Trust (Goodpaster Dec. Exh. 1 and 2). On October 11, 2007, MERS as nominee for New Century Mortgage Corporation assigned the underlying deed of Trust to Saxon Mortgage Services, Inc. On April 28, 2008, Saxon transferred it's interest in the underlying deed of trust to Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanely, MASC 2007-NC3: BY Saxon Mortgage Services, Inc. F/K/A/ Meritech Mortgage Services, Inc. as its attorney-in-fact.

///

- 1

2. **Argument:**

    a. **Movant Lacks Standing**

A security interest cannot exist independent from the obligation which it secureS. <u>In Re Leisure Time Sports, Inc.</u>, 194 B.R. 859, 861 (9th.Cir.Bap 1996) A security interest cannot exist, much less be transferred, independent from the obligation which it secures. <u>In re DiSanto & Moore Associates, Inc.</u>, 41 B.R. 935, 938 (C.D.Cal. 1984); <u>Union Supply Co. v. Morris</u>, 220 Cal. 331, 338-39, 30 P.2d 394, 397 (1934). The security interest follows the debt. <u>Id</u>. If the debt is not transferred, neither is the security interest. <u>Id</u>. The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. <u>Carpenter v. Longan</u>, 83 U.S. 271 (1872)

It is well established that a plaintiff must prove standing by showing: (1) injury in fact; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that a favorable outcome will redress the injury. <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

To proceed with this action, Saxon must demonstrate that it is the holder of not only the deed of trust but also the promissory note. If not, it has no injury in fact. <u>See In re Foreclosure Cases</u>, 521 F. Supp. 2d 650, 653 (S.D. Oh. 2007) (stating that, "[t]o show standing in a foreclosure action, . . . the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed [and] . . . that the holder of the note and mortgage is harmed, usually by not having received payments on the note").

In the context of a relief from stay motion, a motion for relief from the automatic stay must satisfy both substantive and procedural requirements. The substantive requirements are provided by § 362(d). The procedural requirements are imposed by the United States Constitution (due

Case: 07-54109    Doc# 48    Filed: 12/15/08    Entered: 12/15/08 15:28:16    Page 2 of 4

process) and the Federal Rules of Bankruptcy Procedure (which mostly incorporate the Federal Rules of Civil Procedure). The applicable rules here are the "real party in interest" rule and the "required joinder" rule. <u>See In re Kang Jin Hwang</u>, 393 B.R. 701, 712 (C.D. Cal.2008).

There is no evidence that New Century Mortgage ever assigned the underlying promissory not to Saxon. In fact, the evidence seems to show that Saxon has no interest in the subject property and no standing to bring this motion.

However, the debtors, who are both in their seventies, would be injured if the motion were granted because Saxon is seeking relief to foreclosure on their residence. As such, they have standing to oppose this motion.

Wherefore, the debtors pray this motion be denied.

Dated: December 15, 2008

/s/ Marc Voisenat
Marc Voisenat, Attorney for Debtor

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On December 15, 2008, I served the foregoing document described as: **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY; REQUEST FOR JUDICIAL NOTICE** on the interested parties by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

William G. Malcolm
Malcolm Cisneros
2112 Business Center Drive, Second Floor
Irvine, Ca. 92612

Suzanne Decker
1271 Washington Avenue, #318
San Leandro, Ca 94577

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on December 15, 2008 at Oakland, California.

/s/ Marc Voisenat
Marc Voisenat, Attorney for Debtor